UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IRON WORKERS DISTRICT COUNCIL : Case No. 3:11-cv-152
OF SOUTHERN OHIO & VICINITY :
BENEFIT TRUST, *et al.*, : Judge Timothy S. Black
:
    Plaintiffs, :
vs. :
:
MILLENNIUM STEEL, INC., *et al.*, :
:
    Defendants. :

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
IN PART AND DENYING IT IN PART WITHOUT
PREJUDICE TO FUTURE MOTION (DOC. 19)**

This is civil case is before the Court on the Motion for Default Judgment filed by Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit, Pension, and Annuity Trusts ("Plaintiffs") against the Defendants Millennium Steel, Inc. ("Millennium Steel") and Michael K. Lauer ("Lauer") (hereinafter collectively referred to as "Defendants"). (Doc. 20). Defendants did not file any response to Plaintiffs' Motion and the time for doing so has expired.

**I. PROCEDURAL HISTORY**

Plaintiffs filed the Complaint in this case on May 9, 2011. (Doc. 1). The Clerk issued a summons to each Defendant on May 10, 2011, and each summons was returned unexecuted. (Docs. 2, 3, 4). The Clerk reissued an amended summons to each Defendant on June 29, 2011, via regular mail. (Doc. 12). The Clerk filed a certificate of regular mail service on July 6, 2011, indicating that regular mail service was sent to each Defendant on July 5, 2011. (Doc. 13). Neither Defendant answered nor otherwise defended against the Complaint. Accordingly, Plaintiffs applied for an entry of default on September 26, 2011

(Doc. 16). The Clerk made an amended entry of default against Defendants on September 27, 2011. (Doc. 18). Plaintiffs now move for judgment by default. (Doc. 19).

## II. FACTUAL BACKGROUND

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also Trice v. Lake & Country Real Estate*, No. 86–1205, 1987 WL 38852, at *2 (6th Cir. Oct.29, 1987). The following are the facts of this case as set forth in Complaint. (Doc. 1-5).

Plaintiffs are employee welfare plans under ERISA created pursuant to Trust Agreements between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (the "Participating Unions") and various employers having collective bargaining agreements with the Participating Unions involved. Plaintiffs are maintained pursuant to one or more collective bargaining agreements ("CBAs") between one or more labor organizations and more than one employer. These CBAs require more than one employer to contribute the individual trusts. Accordingly, Plaintiffs are multiemployer plans under ERISA.

Defendant Millennium Steel is an employer as defined under ERISA having its principal place of business in Indiana. Defendant Lauer is the owner, President, and/or principal officer of Millennium Steel. Lauer is a fiduciary to Plaintiffs within the meaning ERISA in that he exercises or has exercised discretionary authority or control with regard to the management or disposition of plan assets, including employer contributions that are owed to Plaintiffs.

At all times relevant to this case, Millennium Steel was a party to one or more Participation Agreements with Plaintiffs. Further, at all times relevant to this case,

Millennium Steel has been bound to the terms of one or more CBAs with Iron Workers Local No. 22, Indianapolis, Indiana, which is a participating local union affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers (the "Iron Workers Labor Agreement"). The Iron Workers Labor Agreement establishes the wages, hours, and terms and conditions of employment of Millennium Steel's bargaining unit employees covered thereunder.

Among the wages, hours, and terms and conditions of employment established by the Iron Workers Labor Agreement is the requirement that Millennium Steel contribute a certain amount per hour for each covered employee to the Benefit Trust, the Pension Trust, and the Annuity Trust. The Iron Workers Labor Agreement obligates Millenniuum Steel to make contributions to a multiemployer plan or plans.

Millennium Steel employed employees whose wages, hours, and terms and conditions of employment are set forth in the Iron Workers Labor Agreement. However, Millennium Steel has failed and refused to make such contributions to Plaintiffs on behalf of the covered employees as required. Millennium Steel is delinquent to Plaintiffs, and as a result, Millennium Steel owes Plaintiffs delinquent employer contributions, pre-judgment interest and liquidated damages.

Millennium Steel has also failed and/or refused to return copies of all required monthly reporting forms, including forms setting forth all hours worked during certain weeks in February 2011, and all hours worked during the month of March 2011. These reporting forms allow Plaintiffs to calculate the fringe benefit contributions due and owed for that month on behalf of Plaintiffs' participants. Millennium Steel is required to allow Plaintiffs' authorized agent access to its payroll records for the purpose of a payroll audit. Millennium Steel has failed to comply with the Plaintiffs' auditor's requests to obtain and

review the documents that are necessary to accomplish a payroll audit in violation of the Trust Agreements. Plaintiffs contend that Millennium Steel owes additional amounts of delinquent contributions, pre-judgment interest and liquidated damages based on these hourly reports/payroll records Millennium Steel has failed or refused to produce.

Lauer had the power and authority to pay Millennium Steel's creditors, including Plaintiffs. Since September 15, 2010, Lauer directly and personally determined not to remit employer contributions owed by Millennium Steel to Plaintiffs, and instead either diverted those payments to the general assets of Millennium Steel, or used those payments due and owing to Plaintiffs for other impermissible uses. Lauer, as a fiduciary pursuant to the Trust Agreements as well as ERISA, owed fiduciary duties to Plaintiffs and their participants. As alleged in the Complaint, Lauer grossly and deliberately breached his fiduciary duties by failing to remit employer contributions and by diverting such contributions for other purposes., Plaintiffs contend that such actions amount to Lauer having engaged in prohibited transactions under ERISA.

### III. ANALYSIS

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co.*, 722 F.2d at 1323 (further citations omitted)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable

certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713 at *5 (E.D. Mich. Jun. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citations omitted).

Here, neither Defendants answered or otherwise responded to the entry of default.[1] (Doc. 18). Defendants now seek default judgment, with joint and several liability, requesting:

(i) $380,786.52, together with interest and the costs of this action and interest pursuant to 28 U.S.C. § 1961;

(ii) additional amounts in reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D);

(iii) a permanent injunction enjoining Defendants from future violations of ERISA with respect to Plaintiffs;

(iv) a declaratory order requiring Defendants to timely submit all future contribution reports and payments, as well as any and all contributions reports and payments that are currently outstanding;

(v) additional amounts for unpaid contributions, interest, and liquidated damages owed under any missing contribution reports;

(vi) a declaratory order requiring Millennium Steel to post a bond in accordance with Plaintiffs' Collection Policy;

(vii) a declaratory order requiring Defendants to comply with the Trusts' auditor's requests to examine and review documents necessary to complete a payroll audit, at Defendants' expense;

---

[1] The Court notes that the Entry of Default (Doc. 17) and the Amended Entry of Default (Doc. 18) were sent to Defendants via regular mail at the address listed on the Complaint.

(viii) additional amounts for any delinquent contributions, interest, and liquidated damages found to be owed during the audit of Millennium Steel's payroll records;

(ix) that the Court retain jurisdiction of this cause pending the Defendants' compliance with its orders;

(x) a declaratory order finding that Lauer breached his fiduciary duties owed to Plaintiffs;

(xi) a declaratory order finding that Lauer engaged in one or more prohibited transactions in violation of ERISA with respect to Plaintiffs;

(xii) that Lauer be found jointly and severally liable with Millennium Steel to reimburse Plaintiffs for all losses resulting from such breach pursuant to 29 U.S.C. § 1009(a), including all delinquent contributions, interest, liquidated damages, costs, and attorneys' fees;

(xiii) that an order be issued directing an accounting of all of Millennium Steel's delinquent contributions that have not been paid to Plaintiffs due to Lauer's orders or direction, and an accounting of all losses suffered by Plaintiffs and their participants as a result of his fiduciary breach and prohibited transactions, with Lauer to pay the costs of such an accounting;

(xiv) that an order be issued directing Lauer and/or Millennium Steel to disgorge any and all ill-gotten gains, including employer contributions that have been wrongfully withheld from Plaintiffs; and

(xv) that this Court award Plaintiffs any and all other relief from Lauer as it may deem equitable and just under the circumstances.

(Doc. 20).

In support of their Motion, Plaintiffs submit the affidavit of Peggy Gotthardt, the person responsible for monitoring employer contributions to Plaintiffs. (Doc. 19-2). Ms.

Gotthardt testifies that Millennium Steel owes Plaintiffs a total of $290,702.59 in delinquent contributions, $58,140.52 in liquidated damages, and $31,943.41 in interest. (Doc. 19-2). The Court concludes that the specific monetary damages claimed are sums certain supported by an affidavit and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Ms. Gotthardt's affidavit.

## IV. CONCLUSION

Based the facts asserted and accepted as true by virtue of Defendants' default, the Court **GRANTS** Plaintiffs' Motion for Default Judgment in part. Accordingly, the Court **ORDERS** and **DECLARES** as follows:

(1) Plaintiffs are awarded judgment against Millennium Steel, Inc. and Michael K. Lauer, jointly and severally, in the known amount of $380,786.52, together with interest, computed pursuant to Title 28 U.S.C. § 1961, and the costs of this action;

(2) Defendants Millennium Steel and Michael K. Lauer are enjoined from committing any further violations of Section 515 of ERISA, 29 U.S.C. § 1145, with respect to Plaintiffs;

(3) Millennium Steel and Michael K. Lauer shall timely submit all employer reporting forms and payments, including any reports and payments that are currently outstanding as required per the agreement(s) with Plaintiffs;

(4) Millennium Steel shall post a bond with Plaintiffs as required pursuant to the Trusts' Collection Policy;

(5) Millennium Steel and Michael K. Lauer shall comply with Plaintiffs' auditor's requests request to examine and review the documents necessary to complete a payroll audit, at Millennium Steel's and Michael K. Lauer's joint and several expense;

(6) Michael K. Lauer has breached his fiduciary duties owed to the Trusts;

(7) Michael K. Lauer has engaged in one or more prohibited transactions in violation of ERISA, with respect to the Trusts;

(8) Michael K. Lauer is jointly and severally liable with Millennium Steel to reimburse the Trusts for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1009(a), including all delinquent contributions, interest, liquidated damages, costs, and attorneys' fees;

(9) the Trusts are entitled to an accounting of all of Millennium Steel's delinquent contributions caused by Michael K. Lauer's orders or direction, and to an accounting of all losses suffered by the Trusts and their participants as a result of Mr. Lauer's fiduciary breach and prohibited transactions, with Mr. Lauer to pay the costs of such accounting; and

(10) Michael K. Lauer and/or Millennium Steel shall disgorge any and all ill-gotten gains, including employer contributions that have been wrongfully withheld from the Trusts.

To the extent Plaintiffs' Motion for Default seeks an order requiring payment of: (1) any unknown unpaid contributions, interest, and liquidated damages owed for any missing contribution reports; or (2) delinquent contributions, interest, and liquidated damages found to be owed during the audit of Millennium Steel's payroll records, the Motion is **DENIED**, without prejudice, as premature. *See Bay Area Painters and Tapers v. Brown, Jr.*, No. C 06-07509, 2007 WL 1302982 at *4-5 (N.D. Cal. May 3, 2007) (denying an motion for default judgment seeking liquidated damages in an amount to be determined by audit because such a "request . . . acts as a black check"). Plaintiffs may renew their Motion for Default Judgment with additional affidavits and documentary evidence after such amounts are determined following an audit. Such renewed Motion for

Default Judgment shall be filed within 90 days following the entry of this Order.

Following final disposition and entry of judgment concerning the now unknown and undetermined amounts of unpaid and/or delinquent contributions, interest and liquidated damages, Plaintiffs may submit a motion requesting attorneys fees and costs along with affidavits and supporting documents.

**IT IS SO ORDERED.**

Date: 12/6/11

Timothy S. Black
United States District Judge