UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.*, | : : : : | Case No. 3:11-cv-152 Judge Timothy S. Black |
| Plaintiffs, vs. MILLENNIUM STEEL, INC., *et al.*, Defendants. | : : : : : : | |

**ORDER GRANTING PLAINTIFFS' RENEWED
MOTION FOR DEFAULT JUDGMENT (DOC. 24)**

This is civil case is before the Court on the Renewed Motion for Default Judgment filed by Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit, Pension, and Annuity Trusts ("Plaintiffs") against the Defendants Millennium Steel, Inc. ("Millennium Steel") and Michael K. Lauer ("Lauer") (hereinafter collectively referred to as "Defendants"). (Doc. 24). Defendants did not file any response to Plaintiffs' Motion and the time for doing so has expired.

Plaintiffs filed the Complaint in this case on May 9, 2011, and after Defendants failed to answer or otherwise defend against the Complaint, Plaintiffs applied for and received an entry of default. (Docs. 16, 18). Following the entry of default, Plaintiffs moved for and were granted default judgment. (Docs. 19, 21, 22). However, the Court denied, as premature, Plaintiffs' request to enter judgment to the extent Plaintiffs sought then unknown unpaid contributions, interest, and liquidated damages owed for any missing contribution reports or delinquent contributions, interest, and liquidated damages found to be owed during an anticipated audit of Millennium Steel's payroll records. Consistent with the Court's previous order (Doc. 21), Plaintiffs conducted the anticipated audit and have now renewed their Motion for Default Judgment with additional affidavits and documentary evidence.

The evidence presented in support of Plaintiffs' Renewed Motion demonstrates that Millennium Steel significantly underpaid and/or underreported contributions owed to Plaintiffs for work performed from January 1, 2008 through December 31, 2011. Millennium Steel's obligation for delinquent contributions during that period of time is $643,736.26 in principal, which is separate and apart from the $380,786.52 already awarded Plaintiffs in this Court's Judgment entered December 6, 2011. (Docs. 21, 22).

Consistent with the findings of the Court in originally granting default judgment in favor of Plaintiffs (Doc. 21), and based the facts asserted and accepted as true by virtue of Defendants' default, the Court **GRANTS** Plaintiffs' Renewed Motion for Default Judgment. (Doc. 24). Accordingly, the Court **ORDERS** and **DECLARES** as follows:

1. Judgment is entered favor of Plaintiffs for $643,736.26 in unpaid contributions revealed in the course of Plaintiffs' payroll audit, which is separate and apart from this Court's prior award of $380,786.52 (Docs. 21, 22), together with interest, computed pursuant to Title 28 U.S.C. § 1961, and the costs of this action;

2. Judgment is entered in favor of Plaintiffs for Plaintiffs' reasonable attorneys' fees and other costs of this action to be set forth in an affidavit of counsel in accordance with this Court's rules pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

3. Millennium Steel and Michael K. Lauer are permanently enjoined, pursuant to Section 502(g)(2)(E) of ERISA, from committing any further violations of Section 515 of ERISA, 29 U.S.C. § 1145, with respect to Plaintiffs;

4. Millennium Steel and Michael K. Lauer shall timely submit all future contribution reports and payments, as well as any and all contribution reports and payments that are currently outstanding;

5. Millennium Steel shall post a sufficient bond with Plaintiffs as required pursuant to Plaintiffs' Collection Policy;

6. Judgment is entered in favor of Plaintiffs for post judgment interest on all monetary awards made hereunder pursuant to 28 U.S.C. § 1961;

7. This Court shall retain jurisdiction of this case pending Millennium Steel and Michael K. Lauer's compliance with its orders;

9. Michael K. Lauer has breached his fiduciary duties owed to Plaintiffs;

10. Michael K. Lauer has engaged in one or more prohibited transactions in violation of ERISA, with respect to Plaintiffs;

11. Michael K. Lauer is jointly and severally liable with Millennium Steel to reimburse Plaintiffs for all losses resulting from each such breach pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1009(a), including all delinquent contributions, interest, liquidated damages, costs, and attorneys' fees;

12. Defendants shall perform an accounting of all of Millennium Steel's delinquent contributions that have not been paid to Plaintiffs due to Michael K. Lauer's orders or direction, and an accounting of all losses suffered by Plaintiffs and their participants as a result of his fiduciary breach and prohibited transactions, with Mr. Lauer to pay the costs of such an accounting; and

13. Michael K. Lauer and/or Millennium Steel shall disgorge any and all ill-gotten gains, including employer contributions that have been wrongfully withheld from Plaintiffs.

**IT IS SO ORDERED.**

Date:      5/25/12              *s/ Timothy S. Black*
                                Timothy S. Black
                                United States District Judge