UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, *et al.*, | : : : : | Case No. 3:11-cv-152 Judge Timothy S. Black |
| Plaintiffs, vs. MILLENNIUM STEEL, INC., *et al.*, Defendants. | : : : : : : | |

**ORDER GRANTING PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS (DOC. 26)**

Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, *et al*. ("Plaintiffs") move to recover attorneys' fees and the costs of this Case from Defendants Millennium Steel, Inc. ("Millennium Steel") and Michael K. Lauer ("Lauer") (hereinafter Millennium Steel and Lauer are collectively referred to as "Defendants") pursuant to Sections 502(g)(2) and 409(a) of the Employee Retirement Income Security Act of 1074 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1009(a).  Defendants have not responded and the time for doing so has expired.  Plaintiffs' Motion is now ripe.

"Under § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan." *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 936 (6th Cir. 1996).  In determining the amount of attorney fees to be awarded, "the court is obligated to assure that fees are 'reasonable[,]'" a determination "committed to the sound discretion of the district court." *Bemis v. Hogue*, 935 F.2d 269, 1991 WL 102385, at *7 (6th Cir. Jun. 13, 1991).

Generally, "the 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). However, the "calculation of fees in an ERISA case does not necessarily require strict application of the lodestar method." *Kauffman v. Sedalia Med. Ctr.*, Case No. 204-CV-543, 2007 WL 490896, at * (S.D.Ohio Feb. 9, 2007).

In utilizing the lodestar approach, courts typically begin by multiplying "'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id*. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The lodestar product is presumptively reasonable, though "other considerations . . . may lead the district court to adjust the fee upward or downward[.]" *Id*. (citing *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940).

Here, Plaintiffs' attorneys represent a total number of 108.25 hours expended in resolving this case. In total, Plaintiffs seek $21,705.00 in fees, which would amount to an average fee of approximately $200 per hour. Given the results obtained by counsel, and the median fee of attorneys in the Greater Cleveland area ($210 per hour), as set forth in the Ohio State Bar Association survey titled "The Economics of Law Practice in Ohio," the Court concludes that the $200 hourly rate is reasonable. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (https://www.ohiobar.org/General%20 Resources/pub/2010_Economics_of_Law_Practice_Study.pdf).

Here, a review of the work performed shows tasks such as compiling evidence of damages, analyzing an audit, consulting and corresponding with Plaintiffs, Defendants and their representatives, as well as drafting pleadings, an application for entry of default, a

motion for default judgment with supporting materials, and a renewed motion for default judgment with additional supporting materials after completion of an audit ordered by the Court. The billing entries, while many provide only a brief description of the task performed, coincide with the overall time-line of this case, as reflected by the Court's docket. As a result, the Court finds that the total hours expended are reasonable. Accordingly, the Court awards $21,705.00 in reasonable attorney fees.

Plaintiffs also itemize $15,886.15 in costs and other expenses. The significant expense sought is the bill of an auditor charging $15,513.65. Pursuant to §1132(g)(2)(E), the Court awards Plaintiffs the audit fee of $15,513.65. Moreover, the Court finds no issue with the remaining costs of $377.50, which represent the Court's filing fee and other associated court costs, and therefore also awards that amount, pursuant to §1132(g)(2)(D).

Accordingly, having considered Plaintiffs' Motion and the attached supporting materials, the Court **GRANTS** Plaintiffs' Motion (Doc. 26) and **AWARDS** Plaintiffs recovery of $21,705.00 in reasonable attorney fees, $15,513.65 in auditor fees costs, and $377.50 in litigation costs, from Defendants Millennium Steel, Inc. and Michael K. Lauer.

**IT IS SO ORDERED.**

Date:     8/14/12                                           *s/ Timothy S. Black*
                                                            Timothy S. Black
                                                            United States District Judge